# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JACQUELINE ESRY, individually and                                                    PLAINTIFFS
on behalf of all others similarly situated

v.                                No. 4:18CV00156 JLH

P.F. CHANG'S BISTRO, INC., d/b/a
P.F. Chang's China Bistro                                                                   DEFENDANT

## OPINION AND ORDER

Jacqueline Esry brings this collective action against her former employer, P.F. Chang's China Bistro, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.* Esry was a server at the P.F. Chang's restaurant in Little Rock, Arkansas. The complaint is based on P.F. Chang's use of a "tip credit" to calculate servers' wages for purposes of meeting the minimum wage requirements of the FLSA and the AMWA. P.F. Chang's has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

## I.

The complaint alleges that P.F. Chang's paid its servers less than minimum wage, relying on the FLSA's "tip credit." Document #1 at 4, ¶ 23 (citing 29 U.S.C. § 203(m)). P.F. Chang's did not distinguish between tip-producing duties and nontip-producing duties; it paid the servers less than minimum wage each hour they worked. *Id*. at 5, ¶¶ 26-30. Esry and other servers spent more than 20 percent of their time performing nontip-producing duties for P.F. Chang's, such as opening and closing the restaurant, rolling silverware, and performing side-work. *Id*. at 1, ¶ 2. P.F. Chang's

did not inform the servers of the law governing the tip credit prior to taking a tip credit against the minimum wage. *Id*. at 4, ¶ 24.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court accepts as true all of the factual allegations contained in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

## II.

P.F. Chang's argues that there is no rule precluding an employer from taking advantage of the tip credit when an employee spends more than 20 percent of her time performing nontip-producing duties and, therefore, the complaint should be dismissed. Document #8 at 10-11. The FLSA requires employers to pay a minimum hourly wage, which is currently $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). But with the tip credit, the "wage" an employer must pay a "tipped employee" is the sum of (1) the cash wage paid to the employee, which must be at least the

minimum cash wage that was required to be paid to tipped employees on August 20, 1996 ($2.13 per hour) and (2) an additional amount based on tips received by the employee that is equal to the difference between the $2.13 cash wage and the current $7.25 minimum wage. 29 U.S.C. § 203(m). The FLSA defines "tipped employee" as an "employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). The parties agree that Esry and those similarly situated are employed in a tipped occupation; they disagree as to whether P.F. Chang's must pay the current minimum wage to those employees, as opposed to the tip credit's cash wage, for the time they were performing nontip-producing duties.

The FLSA itself does not mention the 20 percent rule, nor does it explain when an employee is "engaged" in a tipped occupation. But recognizing that there are situations in which employees have more than one occupation under one employer—some occupations that are tipped and some that are not—the Department of Labor ("DOL") promulgated a "dual jobs" regulation interpreting and implementing the tip credit. *See* 29 C.F.R. § 531.56(e). The agency provides the example of a hotel employee working as a maintenance man and a server: The employer cannot take the tip credit for the employee's hours of employment as a maintenance man, but the employer can take the tip credit for the employee's hours of employment as a server. *Id*. The regulation explains that the hotel employee working a dual job—maintenance man and server—is different from a server "who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses . . . . Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips." *Id*.

3

The regulation itself does not mention the 20 percent rule nor does it elaborate on what duties are considered "related," but the DOL has further interpreted its dual jobs regulation in a Field Operations Handbook. The Handbook provides:

(f) Dual jobs

\* \* \*

(2) 29 CFR 531.56(e) permits the employer to take a tip credit for time spent in duties related to the tipped occupation of an employee, even though such duties are not by themselves directed toward producing tips, provided such related duties are incidental to the regular duties of the tipped employee. For example, duties related to the tipped occupation may include a server who does preparatory or closing activities, rolls silverware and fills salt and pepper shakers while the restaurant is open, cleans and sets tables, makes coffee, and occasionally washes dishes or glasses.

(3) However, where the facts indicate that tipped employees spend a substantial amount of time (*i.e.*, in excess of 20 percent of the hours worked in the tipped occupation in the workweek) performing such related duties, no tip credit may be taken for the time spent in those duties. All related duties count toward the 20 percent tolerance.

Dep't of Labor, Wage and Hour Division Field Operations Handbook ch. 30d00(f) (2016), *available at* https://www.dol.gov/whd/FOH/FOH_Ch30.pdf. Esry's complaint hinges on whether the Court must look to the Handbook to determine when an employer is precluded from using the tip credit to pay its employees in tipped occupations. P.F. Chang's maintains that this section of the Handbook is "arbitrary, capricious, contrary to law, and unworthy of deference." Document #8 at 10.

The Eighth Circuit held in *Fast v. Applebee's Int'l, Inc.* that the DOL's interpretation of the dual jobs regulation was entitled to deference pursuant to *Auer v. Robbins*, 519 U.S. 452, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997) (calling for deference to an agency's interpretation of its own ambiguous regulation) and that the DOL's interpretation was not "clearly erroneous or inconsistent

4

with the regulation."[1] *See* 638 F.3d 872, 877-881 (8th Cir. 2011) (*cert. denied*, 565 U.S. 1156, 132 S. Ct. 1094, 181 L. Ed. 2d 977 (2012)). Though *Fast* is directly on point, P.F. Chang's argues that it is no longer binding precedent in light of two "subsequent developments:" (1) *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 132 S. Ct. 2156, 183 L. Ed. 2d 153 (2012) and (2) the DOL's changes to its interpretation of the dual jobs regulation. Document #8 at 39.

First, *Fast* is still good law after *Christopher*, which involved a different regulation, different facts, and different concerns about what affording deference to the agency's interpretation would mean for employers. *See Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1284 (10th Cir. 2017) (citing *Fast*); *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 190, n. 8 (5th Cir. 2015) (same); *Flood v. Carlson Rests., Inc.*, 94 F. Supp. 3d 572, 582 (S.D.N.Y. 2015) (citing the Eighth Circuit's "well-reasoned decision in *Fast*"). In *Christopher*, the Supreme Court held that the DOL's interpretation of its own ambiguous regulation concerning the exemption of an "outside salesman" from the minimum wage and maximum hours requirements of the FLSA was not entitled to *Auer* deference. 567 U.S. at 155-159, 132 S. Ct. at 2166-69. The court, citing *Auer*, focused on the "strong reasons" for withholding deference, such as the imposition of "potentially massive liability," unfair surprise, and changing the pharmaceutical industry's "decades-long practice" of classifying pharmaceutical sales representatives as outside salesman exempt from the FLSA. *Id*. at 155-58, 132 S. Ct. at 2167-68. The Supreme Court in *Christopher*, like the Eighth Circuit in *Fast*, applied the general principles of agency deference created in *Auer*. Its holding does not affect *Fast*.

---

[1] "When an agency's regulations are ambiguous, a court must defer to the agency's interpretation of its own regulations, unless that interpretation is plainly erroneous or inconsistent with the regulations or there is any other reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question." *Mullins v. City of New York*, 653 F.3d 104, 105-06 (2d Cir.2011) (explaining *Auer* deference) (internal marks omitted).

Second, changes the DOL has made to its position on the 20 percent rule do not render *Fast* obsolete. P.F. Chang's cites two sources for the changes: an opinion letter and the Handbook. In 2009, the DOL issued and withdrew an opinion letter stating that it had never intended to implement a 20 percent rule: "We do not intend to place a limitation on the amount of duties related to a tip-producing occupation that may be performed, so long as they are performed contemporaneously with customer-service duties and all other requirements of the Act are met." Document #7-4 at 46. In *Fast*, the district court mentioned the 2009 opinion letter in a footnote, stating that it "appear[ed] to have been triggered by this litigation," that it was withdrawn, and that the DOL stated the letter cannot be relied on as a statement of agency policy. *Fast v. Applebee's Int'l, Inc.*, No. 06-04146-CV-C-NKL, 2010 WL 816639 at *5, n. 6 (W.D. Mo. Mar. 4, 2010). Therefore, the Eighth Circuit was aware of the letter and did not find that the agency's slight wavering on its interpretation of the dual jobs regulation precluded deferential treatment.[2]

The Eighth Circuit treated the 1988 version of the Handbook as the applicable version. 638 F.3d at 875. "The DOL's 1988 Handbook provide[d] that if a tipped employee spends a substantial amount of time (defined as more than 20 percent) performing related but nontipped work, such as general preparation work or cleaning and maintenance, then the employer may not take the tip credit for the amount of time the employee spends performing those duties." *Id*. The 2012 version provided: "Likewise, an employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation. For example, maintenance work (e.g., cleaning bathrooms and washing windows) are not related to the tipped occupation of

---

[2] P.F. Chang's also mentions a letter the DOL sent to the Ninth Circuit clarifying that there is no categorical rule that cleaning duties are unrelated to the job of a server. Document #8 at 16. This interpretation is not inconsistent with the Handbook or regulation.

a server; such jobs are non-tipped occupations. In this case, the employee is effectively employed in dual jobs." Document #8 at 15. In 2016, the DOL returned the Handbook to its 1988 state. *Id*. It is P.F. Chang's position that because whether an agency's interpretation changes over time is a factor to consider in affording *Auer* deference and the change had not occurred prior to *Fast*, the Court is not bound by the Eighth Circuit's decision. Document #8 at 39-40.

P.F. Chang's says the 2012 version reclassified maintenance work as "per se not subject to a tip credit regardless of the amount of time spent on that activity." Document #8 at 39. But that is not what the 2012 version says. It says that when maintenance work is *not related* to the employees occupation, then the employee is working a dual job. This is consistent with the regulation, which uses the example of a hotel employee who works as a maintenance man and a server. And it is not inconsistent with the 1988 Handbook, which said then when maintenance work is *related* to the employee's occupation the employer may not take a tip credit if an employee spends a significant amount of time performing maintenance work. *Fast* is still good law, even after the subsequent changes to the Handbook. Therefore, the Court looks to the Handbook as part of the law governing Esry's federal claims.

### III.

The complaint also raises a claim under the AMWA. Document #1 at 14-15, ¶¶ 90-98. Like the FLSA claim, the AMWA claim is based on the allegation that the servers at P.F. Chang's spent more than 20 percent of their time performing nontip-producing duties. *Id*. at 15, ¶ 94. P.F. Chang's argues that the AMWA does not preclude an employer from taking the tip credit in such a situation. Document #8 at 17. Like the FLSA, the AMWA requires employers to pay a minimum hourly wage, which is currently $8.50 per hour. Ark. Code Ann. § 11-4-210(a)(2). The AMWA also

allows employers to take a tip credit. Ark. Code Ann. § 11-4-212(a) ("[Employers] shall be entitled to an allowance for gratuities as a part of the hourly wage rate provided in § 11-4-210 in an amount of no less than three dollars and sixty-two cents ($3.62) per hour, provided that the employee actually receives that amount in gratuities). Under the AMWA, a tipped employee is one who is "engaged in any occupation in which gratuities have been customarily and usually constituted and have been recognized as a part of remuneration fo hiring purposes . . . ." *Id*.

Like the FLSA, the AMWA does not mention the 20 percent rule or explain what it is to be "engaged" in a tipped occupation. The Arkansas Department of Labor has promulgated regulations interpreting and implementing the minimum wage provisions of the AMWA. Those regulations also recognize the issue of dual jobs and unrelated duties, providing that the "tip credit may be taken only for hours worked by the employee in an occupation in which he qualifies as a 'tipped employee.'" Ark. Admin. Code 010.14.1-107(E)(2)(b). And "[w]henever an employee is required to work twenty minutes or more in any occupation in which gratuities have not been recognized as part of the remuneration for hiring purposes, the rate for the entire hour shall be at least the applicable minimum wage rate without an [sic] tip credit." *Id*. at 010.14.1-107(E)(2)(b)(ii). But unlike the federal regulations, the Arkansas regulations address a tipped employee performing duties unrelated to the tipped occupation but do not address a tipped employee performing nontip-producing duties related to the tipped occupation. The state agency has not addressed this omission or provided clarification.

Esry urges the Court to look to the DOL Handbook to interpret the Arkansas regulations and, in the alternative, to allow her to amend the complaint to allege additional facts relevant to the AMWA. Document #14 at 31-32. The Arkansas regulations provide: "The department may rely

8

on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of the Act and Rule 010.14-100 through -113, except to the extent a different interpretation is clearly required." Ark. Admin. Code. 010.14.1-112. The Arkansas Supreme Court addressed when a different interpretation of the AMWA and related regulations is clearly required in *Gerber Prods. Co. v. Hewitt II*, 2016 Ark. 222, 492 S.W.3d 856. In *Gerber*, a group of employees sought unpaid overtime wages under the AMWA. *Id.* at 1, 492 S.W.3d at 858. Specifically, they alleged that as a result of mandatory donning and doffing activities, they were often required to work overtime but were not compensated at the higher overtime rate. *Id.* at 3, 492 S.W.3d at 858. The employees and the defendant had entered into a collective-bargaining agreement providing that employees would be compensated for mandatory donning and doffing activities at the regular pay rate. *Id.* at 4, 492 S.W.3d at 859. The defendant relied on an exception to the FLSA in arguing that doffing activities are noncompensable. *Id.* at 7, 492 S.W.3d at 861. The FLSA permits an employer and its employees to agree through a collective-bargaining agreement that employees are not compensated for donning and doffing activities. *Id.* at 10-11, 492 S.W.3d at 863 (citing 29 U.S.C. § 203(*o*)). The employees argued that the court should not "engraft an FLSA exception when the legislature clearly chose to omit the exception from the AMWA." *Id.* at 11, 492 S.W.3d at 863.

The Arkansas Supreme Court, noting that the AMWA and the FLSA do not impose the same requirements nor do they mirror each other exactly, held that a different interpretation of the AMWA was "clearly required." *Id.* The court pointed to an Arkansas statute providing that any agreement between the employee and the employer to work for less than minimum wages—including overtime

9

compensation—is no defense to an action for failure to pay the required wage. *Id*. at 12, 492 S.W.3d at 863.

Here, the federal regulations, further agency interpretations, and federal precedent do not contradict Arkansas law. Neither do they "read into a statute a provision that was not included by the General Assembly." *See Gerber*, 2016 Ark. 222 at 14, 492 S.W.3d at 864. Like the FLSA, the AMWA allows an employer to take a tip credit against the minimum wage but limits the allowance to "employee[s] engaged in any occupation in which gratuities have been customarily and usually constituted and have been recognized as a part of remuneration for hiring purposes . . . ." *See* Ark. Code Ann. § 11-4-218(a); 29 U.S.C. § 203(m). When an employee is "engaged" in such an occupation is not defined. This is not an instance, like in *Gerber*, where it is evident that the legislature intended to omit a provision present in federal law. *See Gerber*, 2016 Ark. 222 at 13-14, 492 S.W.3d at 864 ("Because the AMWA does not contain the FLSA's 203(*o*) exception, we decline to engraft this exception into the AMWA.").

Because a different interpretation is not clearly required, the Court will rely on the applicable federal regulations, the DOL's further interpretations of those regulations, and the relevant Eighth Circuit precedent to interpret the parameters of the tip credit under the AMWA. Therefore, Esry may state a claim under the AMWA by alleging that she and those similarly situated spent more than 20 percent of their time performing nontip-producing duties, but were not paid the full minimum wage.

## IV.

P.F. Chang's also argues that Esry has failed to state plausible FLSA and AMWA minimum wage claims in satisfaction of Rule 8(a)(2), based on alleged violations of the 20 percent rule.

10

Document #8 at 43-46. This argument is without merit. The complaint alleges that P.F. Chang's is a covered employer; that Esry and the other servers were employees of P.F. Chang's; that Esry and the other servers spent more than 20 percent of their time opening and closing the restaurant, and rolling silverware; that these are nontip-producing duties; and that P.F. Chang's took the tip credit for the time the servers spent performing these duties. Document #1 at 1-2, ¶ 2. These allegations are sufficient to support a claim under the FLSA and under the AMWA. *See Aubrey v. Zamam, LLC*, No. 4:17CV00446 JLH, 2017 WL 5180427 at *2 (E.D. Ark. Nov. 8, 2017) (collecting cases).

## CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED. Document #7.

IT IS SO ORDERED this 9th day of May, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE