# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JACQUELINE ESRY, individually and on behalf of all others similarly situated          PLAINTIFF

v.          No. 4:18CV00156 JLH

P.F. CHANG'S CHINA BISTRO, INC.,
d/b/a P.F. CHANG'S CHINA BISTRO          DEFENDANT

## OPINION AND ORDER

Jacqueline Esry was a server at P.F. Chang's China Bistro, Inc.'s location in Little Rock, Arkansas. She brought this action under the Fair Labor Standards Act, alleging that she was paid $2.63 per hour, which was below the minimum wage required by the FLSA. She says that P.F. Chang's used a "tip credit" to calculate her wages for purposes of meeting the minimum wage requirements, citing 29 U.S.C. § 203(m). Esry alleges that she devoted more than twenty percent of her time to non-tipped duties. The Department of Labor has interpreted the statute and regulations to mean that no tip credit may be taken for non-tipped duties when tipped employees spend a substantial amount of time, defined as more than twenty percent of the hours worked in a workweek, performing non-tipped duties.

Esry has now moved for conditional certification of a collective action. She proposes that the class would include all persons whom P.F. Chang's paid as tipped employees at any time since February 23, 2015. Although she does not expressly say that the class would be nationwide, both she and the defendant have briefed the motion as though she seeks to represent a nationwide class. P.F. Chang's opposes the motion for class certification. It argues that Esry cannot represent a nationwide class because she has failed to show that employees in other locations similarly situated

with respect to the issues here. It also argues that she cannot represent persons other than servers at the P.F. Chang's location in Little Rock.

The FLSA authorizes "similarly situated" employees to proceed collectively to recover damages for violations of the FLSA's overtime provisions. 29 U.S.C. § 216(b). Employees are similarly situated for FLSA purposes when they are subject to a common policy that violates the FLSA and "when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)).

This Court and others within the Eighth Circuit have applied the two-step approach set out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), to determine whether class certification is proper. *See Maclin v. Montgomery and Sons Const., Inc.*, No. 4:12CV5, 2012 WL 5818163 at *1 (E.D. Ark. Nov. 15, 2012) (applying the two-step approach); *In re Pilgrim's Pride*, No. 1:07CV1832, 2008 WL 4877239, at *2 (W.D. Ark. Mar. 13, 2008) (citing to federal courts that follow the two-step approach and adopting it); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005) (applying the two-step approach); *Kalish v. High Tech Inst., Inc.*, No. Civ. 041440, 2005 WL 1073645, at *1 (D. Minn. Apr. 22, 2005) (applying the two-step approach); *McQuay v. Am. Int'l Group*, No. 4:01CV00661, 2002 WL 31475212, at *2 (E.D. Ark. Oct. 25, 2002) (noting that "a majority of courts have adopted a two-step process"). Generally, the plaintiffs move for conditional certification at an early stage in the litigation, and a class is conditionally certified for notice purposes. *Davis*, 408 F. Supp. 2d at 815. Then, the defendant is allowed the opportunity to move for de-certification at the close of discovery. *Id*.

In the first stage, or "notice stage," courts apply a lenient standard to determine whether persons similarly situated to the named plaintiffs exist and should receive notice. *Chin v. Tile Shop, LLC*, 57 F. Supp. 3d 1075, 1082 (D. Minn. 2014). The plaintiffs bear the burden of proof at this stage, and they "can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007) (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)). The burden can be met through the use of affidavits, supported by admissible evidence. *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08CV734, 2009 WL 211943, at *2-3 (E.D. Mo. Jan. 27, 2009). "The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Littlefield v. Dealer Warranty Servs.*, LLC, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010). However, the Court "does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties." *Chin*, 57 F. Supp. 3d at 1083.

On the issue of whether Esry is similarly situated to other employees, the only evidence that Esry submits is her own declaration. Esry describes her work and the work of other servers, but she says nothing about tipped employees other than servers, such as bartenders. Furthermore, she claims no specific knowledge about servers in locations other than in Little Rock, except to say that she was informed by the defendant that the hourly rate of $2.63 was paid to all servers employed by the defendant. P.F. Chang's has submitted evidence that there is no company-wide policy or practice that servers will spend any particular amount of time or percentage of time on non-tipped work. According to evidence submitted by P.F. Chang's, the amount of time that tipped employees spend

3

on non-tipped work varies from location to location because busier restaurants tend to use more bussers to clear and set tables and to bring dirty dishes to the kitchen than do the slower restaurants.

Esry has met the minimal requirements of representing a collective action for servers at the Little Rock location. She has not, however, shown that she is similarly situated to non-servers or servers in other locations.

Esry seeks to represent a class of employees dating back to February 23, 2015, three years before the commencement of this action. While the Court will permit her to seek to represent such a class, the notice should include "a statement explaining that claims of employees who have not worked for P.F. Chang's within the past two years may be time-barred." *Resendiz-Ramirez v. P&H Forestry, LLC*, 515 F. Supp. 937, 944 n.9 (W.D. Ark. 2007).

Esry proposes a ninety-day opt-in period, which P.F. Chang's argues is excessive. Sixty days is sufficient time to notify potential class members and allow them to decide whether to opt-in. *See Tegtmeier v. P.J. Iowa, L.C.*, 208 F. Supp. 3d 1012, 1025 (S.D. Iowa 2016).

Notice may be sent by U.S. mail. Esry also requests authorization to follow-up with cards and text messages or e-mail messages beginning thirty days after the opt-in period begins to potential plaintiffs who have not responded. One reminder notice may be sent by postcard thirty days after the initial notice has been mailed to potential class members who have not responded. Notice may be sent electronically to any potential class member whose notice is returned for insufficient address.

The Court will not require P.F. Chang's to post a notice in the workplace.

P.F. Chang's objects to including the caption and styling of the case on the notice. That objection is overruled.

4

P.F. Chang's must provide plaintiff's counsel in electronically readable or importable form the names and addresses of all persons who were employed at the P.F. Chang's location in Little Rock as servers from February 23, 2015, to date, as well as the e-mail address or cell phone number for any potential class member whose notice is returned for insufficient address. Names and addresses must be provided within fourteen days from the entry of this Opinion and Order.

Before sending any notice, plaintiff's counsel must submit the form of notice to defense counsel who should review it to verify that the form complies with this Order.

For the reasons and to the extent stated, plaintiff's motion for conditional certification is GRANTED IN PART and DENIED IN PART. Document #17.

IT IS SO ORDERED this 13th day of August, 2018.

　　　　　　　　　　　　　　　　　　　　　*J. Leon Holmes*
　　　　　　　　　　　　　　　　　　　　　———————————————
　　　　　　　　　　　　　　　　　　　　　J. LEON HOLMES
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE